**In re PANEL CASE NO. 15590.**

**No. CX–01–1798.**

Supreme Court of Minnesota.

March 5, 2002.

## ORDER

 The respondent lawyer in the above-entitled lawyer discipline matter has sent to the court numerous motions and letters requesting various forms of relief related to the above-entitled pro-ceeding, which has been assigned to a court-appointed referee for a probable cause hearing. Among the relief requested is appointment of counsel for respondent, sealing of the file, appointment of an independent prosecutor outside the Office of Lawyers Professional Responsibility (OLPR), and leave to take pre-hearing depositions. Many, if not all, of respondent's requests for relief are premised on her allegations of improper conduct by members of the OLPR in pursuing the charges against respondent. The probable cause hearing will provide an assessment by an independent arbiter, the referee, on the validity and seriousness of those charges. This court will not prematurely interject itself into that assessment. For this reason, respondent's request for appointment of a special prosecutor will be denied.

In response to respondent's assertion that she was unable to assist in her defense based on a disability and her motion for an independent medical examination, by order filed January 9, 2002, this court stayed the probable cause hearing that was scheduled for January 11, 2002, placed respondent on disability inactive status and ordered that she be examined by a licensed mental health professional appointed by the referee within 45 days. Based on respondent's subsequent correspondence with this court, it appears that the examination did not take place, and respondent now asserts that her inability to assist in her defense is due not to disability but to lack of legal representation. Accordingly, respondent will be removed from disability inactive status. Respondent's request for appointment of counsel will be denied, both because there is no basis in the Rules on Lawyers Professional Responsibility for appointment of counsel except based on inability to assist due to disability and because respondent

has not satisfactorily demonstrated that she is unable to retain counsel without an appointment by this court.

Other motions for relief relating to the conduct of the probable cause proceeding should be directed to the referee, not to this court.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent's motions for appointment of counsel and for appointment of a special prosecutor be, and the same are, denied.

IT IS FURTHER ORDERED that respondent is removed from disability inactive status, and the remaining relief requested from this court by respondent in the above-referenced matter is denied, subject to renewal of respondent's requests before the referee, subject to the condition that such requests should not further delay the probable cause hearing unless the referee determines such delay is warranted and appropriate.

BY THE COURT:

Paul H. Anderson

Associate Justice